IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

LECREISHA HUBBERT, )
)
Plaintiff, )
)
vs. )    CAUSE NO. 1:20-cv-2681
)
COMMUNITY REINVESTMENT )
FOUNDATION - II, INC., )
)
Defendant. )

## COMPLAINT FOR DAMAGES

Plaintiff, Lecreisha Hubbert, for her complaint against Defendant, M&R Hotel Management, states the following:

### I.  Parties

1.    Plaintiff is a resident of Indianapolis, Indiana.

2.    Defendant is a company doing business in Marion County, Indiana.

### II.  Jurisdiction and Venue

3.    This court has jurisdiction to hear these claims pursuant to 28 U.S.C. §1331, in that the claims arise under the laws of the United States.  Specifically, Plaintiff brings this action to enforce her rights under Section 1981 and the Fair Housing Act.

4.    This court has jurisdiction to hear these state claims pursuant to the court's supplemental jurisdiction under 28 U.S.C. §1367.

5.    Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue of Defendant's doing business in this District.

### III.  Factual Allegations

6.      Plaintiff was a tenant of the Cloverleaf Apartments in 2018.

7.      Plaintiff is African-American.

8.      On or about October 26, 2018, an unknown person wrote "NIGGERS" to the right of her apartment door.

9.      Plaintiff immediately reported this defacement of Defendant's property to the management at Cloverleaf Apartments.

10.      Defendant failed to paint over or otherwise get rid of the discriminatory word next to Plaintiff's apartment door.

11.      Plaintiff complained about this discrimination on multiple occasions in October and November 2018 to the management at Cloverleaf Apartments, but Defendant refused to remove this discriminatory posting.

12.      Plaintiff was forced to abandon her apartment and move from the property due to Defendant's failure to remove the posting.

### Count I
### Violations of Section 1981

13.      Plaintiff incorporates paragraphs 1 through 12 by reference herein.

14.      Plaintiff was discriminated against by Defendant due to her race.

15.      Defendant breached its contract with Plaintiff by failing to timely remove the discriminatory posting next to her apartment.

16.      Defendant has violated Section 1981 by discriminating against Plaintiff.

17.      Plaintiff has been damaged by Defendant's violations of Section 1981.

WHEREFORE, Plaintiff prays that the Court:

A.      Enter an order awarding all actual damages of Plaintiff with interest as permitted by Section 1981.

B.      Grant any and all equitable relief available to Plaintiff.

C.      Enter an order awarding Plaintiff compensatory and punitive damages.

D.      Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred.

E.      Enter an award for such other relief as may be just and appropriate.

Respectfully Submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

### Count II
### Violations of the Fair Housing Act

18.     Plaintiff incorporates paragraphs 1 through 17 by reference herein.

19.     Plaintiff was discriminated against by Defendant due to her race.

20.     Defendant's failure to act with regard to the discrimination reported by Plaintiff violates the Fair Housing Act.

21.     Defendant has violated the Fair Housing Act by discriminating against Plaintiff.

22.     Plaintiff has been damaged by Defendant's violations of the Fair Housing Act.

WHEREFORE, Plaintiff prays that the Court:

A.      Enter an order awarding all actual damages of Plaintiff with interest as permitted by the Fair Housing Act.

B.      Grant any and all equitable relief available to Plaintiff.

C.      Enter an order awarding Plaintiff compensatory and punitive damages.

D.    Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred.

E.    Enter an award for such other relief as may be just and appropriate.

Respectfully Submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## Count III
## Negligent and/or Intentional Infliction of Emotional Distress

23.    Plaintiff incorporates paragraphs 1 through 22 by reference herein.

24.    Defendant's failure to act with regard to the discrimination reported by Plaintiff caused Plaintiff severe emotional distress.

25.    The failure of Defendant to remedy this discrimination caused Plaintiff to abandon her home and move.

26.    Plaintiff has been damaged by Defendant's negligent and/or intentional actions or inactions.

WHEREFORE, Plaintiff prays that the Court:

A.    Enter an order awarding all actual damages of Plaintiff with interest as permitted.

B.    Grant any and all equitable relief available to Plaintiff.

C.    Enter an order awarding Plaintiff compensatory and punitive damages.

D.    Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred.

E.      Enter an award for such other relief as may be just and appropriate.

                                        Respectfully Submitted,

                                        WELDY LAW

                                        /s/Ronald E. Weldy
                                         Ronald E. Weldy, #22571-49

### IV.    Jury Demand

27.     Plaintiff incorporates paragraphs 1 through 26 by reference herein.

28.     Plaintiff demands a trial by jury.

                                        Respectfully submitted,

                                        WELDY LAW

                                        /s/Ronald E. Weldy
                                        Ronald E. Weldy, #22571-49
                                        Attorney for Plaintiff,
                                        Lecreisha Hubbert

Weldy Law
8383 Craig Street
Suite 330
Indianapolis, IN 46250
Tel: (317) 842-6600
E-mail: rweldy@weldylegal.com